IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANDRE GUARDADO, Individually | § | |
| and as Representative of the Estate of | § | |
| ALEXIS RENEE GUARDADO, Deceased, | § | |
| and as Representative of, or on behalf of, | § | |
| RACHEL ANN SAUNDERS, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 3:16-CV-0782-K |
| | § | |
| EDMOND JOE PALMORE, P.A.M. | § | |
| TRANSPORT, INC., and P.A.M. | § | |
| TRANSPORTATION SERVICES, INC., | § | |
| and P.A.M. CARTAGE CARRIER, INC., | § | |
| | § | |
| Defendants. | § | |

## **FINAL JUDGMENT**

On June 13, 2017, the Court called this case for trial. Plaintiffs Andre Guardado, individually, and as representative of the estate of Alexis Renee Guardado, deceased, and Rachel Ann Saunders ("Saunders") and their attorneys announced ready for trial. Defendants Edmond Joe Palmore ("Palmore"), P.A.M. Transport, Inc., and P.A.M. Transportation Services, Inc., and P.A.M. Cartage Carrier, Inc. (collectively "P.A.M."), appearing through their representative Andrew Christensen and their attorneys announced ready for trial. The Court determined it had jurisdiction over the subject matter and the parties to this proceeding. The Court then impaneled and swore in the jury, which heard the evidence and arguments of counsel. After the close of all the

evidence, the Court submitted questions, definitions, and instructions to the jury. In response, the jury made findings that the court received, filed, and entered of record.

The jury found: (1) the negligence of Palmore, Alexis Renee Guardado, and Saunders proximately caused the injury in question; (2) the proportionate responsibility for each person found negligent was as follows: Palmore 55%, Alexis Renee Guardado 35%, and Saunders 10%; (3) the following damages: loss of companionship and society sustained in the past by Andre Guardado was $360,000 and by Saunders was $40,000, loss of companionship and society that reasonably will be sustained in the future by Andre Guardado was $360,000 and by Saunders was $40,000, mental anguish sustained in the past by Andre Guardado was $540,000 and by Saunders was $60,000, mental anguish that reasonably will be sustained in the future by Andre Guardado was $180,000 and by Saunders was $20,000. Before trial, Defendant P.A.M. Cartage Carrier stipulated it is liable for the acts or omissions, if any, of Palmore as its employee.

After trial, Andre Guardado and Defendants filed a Stipulation of Dismissal (Doc. No. 140), dismissing Andre Guardado's claims against the Defendants with prejudice.

The Court enters the following judgment on the jury's verdict.

In accordance with the jury's verdict, the Court hereby renders judgment for Plaintiff Saunders as follows:

1. Saunders proved Palmore's negligence proximately caused the injury in question.

2. Saunders proved Palmore was 55% responsible for the injury in question.

3. Saunders proved she was entitled to recover damages in the form of loss of companionship sustained in the past, loss of companionship reasonably sustained in the future, mental anguish sustained in the past, and mental anguish reasonably sustained in the future.

A defense verdict shall be entered in this lawsuit as follows:

1. Defendants proved Alexis Renee Guardado's and Saunders' negligence proximately caused the injury in question.

2. Defendants proved Alexis Renee Guardado was 35% responsible and Saunders was 10% responsible.

As part of the judgment and in accordance with the jury's findings on damages, the Court orders:

1. For Palmore's negligent conduct, the jury awarded Saunders a total of $160,000 and found she is entitled to recover 55% of these damages from P.A.M. Thus, Saunders is entitled to recover a total of $88,000 from P.A.M.

Saunders is also entitled to recover prejudgment interest under § 304.003(b) and § 304.103 of the Texas Finance Code. *See Meaux Surface Protection, Inc. v. Fogleman*, 607 S.W.3d 161, 172 (5th Cir. 2010). This interest rate shall be calculated as simple interest running from the date this case was filed and ending the day before judgment is rendered. TEX. FIN. CODE ANN. § 304.104. Prejudgment interest does not apply to awards of future damages. *Id*. at § 304.1045. The jury awarded Saunders $100,000 in

past damages, of which she is entitled to recover $55,000 from P.A.M. The current prejudgment rate is 5%. Prejudgment interest is calculated as follows: (0.05/365) x 600 days x $55,000 = $4,520.55. Saunders is entitled to recover from P.A.M. $4,520.55 in prejudgment interest.

The court awards Plaintiff her chargeable costs which shall be paid by Defendants P.A.M.

Additionally, Saunders is entitled to recover post-judgment interest on all above amounts allowable by law at the rate for the calendar week preceding date of judgment, which is 1.31%. 28 U.S.C. § 1961. Post-judgment interest shall accrue from the date this judgment is entered until the date this judgment is paid.

The Court orders execution to issue for this judgment.

The Court denies all relief not granted herein.

This is a FINAL JUDGMENT.

Signed October 4th, 2017.

_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE